

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 02 CR 968 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| ANTHONY QUIMBY ) | |

## ORDER

Defendant Anthony Quimby's motions to reduce sentence under Amendment 782 and 18 U.S.C. § 3582(c)(2) (dkt. 102) and for relief from judgment under Federal Rules of Civil Procedure 60(a) and 60(b)(6) (dkt. 106) are denied. See Statement.

## STATEMENT

I. **Background**

Anthony Quimby was arrested by the Drug Enforcement Administration outside his residence for possession of cocaine. (*See* dkt. 1.) A grand jury returned a one-count superseding indictment charging Quimby with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (*See* dkt. 8.) On August 31, 2006, Quimby entered into a voluntary blind plea of guilty. (*See* dkt. 68.)

The court sentenced Quimby to 240 months' imprisonment on December 12, 2006. (*See* dkt. 74.) In calculating Quimby's Guidelines range, the court found that Quimby's offense level was 37 because of his status as a career offender under USSG § 4B1.1. PSR at 5; *see also* Statement of Reasons.[1] The court reduced his offense level by three levels for acceptance of responsibility, resulting in a total offense level of 34, and determined that Quimby's past conduct placed him in a criminal history category of VI. *Id.* A combined offense level of 34 and a criminal history category of VI yielded a Guidelines range of 262 to 327 months' imprisonment. PSR at 18; *see also* Statement of Reasons.

During the sentencing hearing Quimby objected to the portion of the PSR that held him responsible for a Guidelines enhancement for possession of a dangerous weapon. Sentencing Transcript 3–4. The PSR applied a two-level enhancement under § 2D1.1(b)(1) because defendant possessed a .40 caliber semi-automatic pistol at his residence on July 24, 2002. PSR at 3. At the sentencing hearing, Quimby contested the finding that he had possessed a firearm. Sentencing Transcript at 4. In response the government noted that it had recorded phone calls in which the defendant discussed firearms, but the government was uncertain whether a firearm was actually recovered on that particular date. *Id.* at 6–9. Accordingly, the court found insufficient evidence to support a two-level enhancement for possession of a firearm under USSG

---

[1] The Statement of Reasons incorrectly identifies defendant as a criminal history category IV. His criminal history category should be VI as indicated in the PSR.

§ 2D1.1(b)(1). *Id.* at 9. For that reason, the court directed the probation officer to change the "2" reflecting the two-level enhancement to a zero. *Id.* In doing so, the court recognized that this change did not change the defendant's Guidelines calculation. *Id.* at 8–10. Now, Quimby has filed two motions that are before the court for decision.

## II. Motion to Reduce Sentence

Quimby first seeks a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782. (*See* dkt. 102.) Quimby, however, is not eligible for a reduction, as his adjusted offense level was determined by his status as a career offender, not the drug quantity tables found in USSG §§ 2D1.1 and 2D1.11. As such, Amendment 782 does not have the effect of lowering Quimby's Guidelines range. *See Dillon* v. *United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (holding that a reduction is permitted only when such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission); *see also* USSG § 1B1.10, cmt. n.1(A) (2014) (explaining that a reduction in the defendant's term of imprisonment is not authorized and is inconsistent with the policy statement under USSG § 1B1.10 if the amendment does not have the effect of lowering the defendant's applicable Guidelines range).

Quimby also argues that a reduction is appropriate based on issues that are unrelated to Amendment 782. For example, he contends that his medical issues and good behavior while incarcerated weigh in favor of imposing a reduced term. It is well established, however, that amendments to the Sentencing Guidelines do not authorize a full resentencing of the defendant. *See Dillion*, 560 U.S. at 831; *White* v. *United States*, 745 F.3d 834, 836 (7th Cir. 2014); *United States* v. *Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). As such, courts have consistently rejected attempts by defendants to raise issues not provided for under a retroactive amendment. *United States* v. *Carter*, 500 F.3d 486, 490–91 (6th Cir. 2007); *United States* v. *Smith*, 241 F.3d 546, 548–549 (7th Cir. 2001). Thus, since Amendment 782 does not provide for reduction based on medical conditions or positive conduct, no reduction is permissible.

Quimby also argues that applying Amendment 759 to determine his eligibility under Amendment 782 violates the Ex Post Facto Clause. This argument also fails. The Ex Post Facto Clause prohibits "the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." *Weaver* v. *Graham*, 450 U.S. 24, 30, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981). If the effect of post-conduct amendments to the Guidelines is not to increase a defendant's punishment beyond what it would have been without those amendments, then there is no ex post facto problem. *Id*; *see also United States* v. *Diggs*, 768 F.3d 643, 645–646 (7th Cir. 2014); *United States* v. *Waters*, 771 F.3d 679, 681 (9th Cir. 2014). Further, the Supreme Court has specifically said in a related context that "proceedings authorized by § 3582(c)(2) are not constitutionally compelled" and that the court is not aware of a "constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments." *Dillon* v. *United States*, 560 U.S. at 828. Due to the nature of Amendment 782 and § 3582(c)(2) proceedings as only working to reduce certain sentences rather than increase them, the Ex Post Facto Clause is inapplicable.

## II. Motion for Relief From Judgment

Quimby also seeks relief from judgment or order under Federal Rules of Civil Procedure 60(a) and 60(b). (*See* dkt. 106.) Quimby contends that during his sentencing hearing the court ordered that "the mention of such a weapon in the [PSR] will be stricken from the record" and that despite the court's order, the reference to the firearm was not removed from the PSR. (*Id.* at 3–4.) Quimby further states that the failure to remove the reference to the firearm is a clerical error that has caused him prejudice. (*Id.* at 4–5.) Quimby's contentions are unpersuasive.

First, contrary to Quimby's assertion, the court did not order the removal of references to any firearm from the PSR. As explained above, the court determined during the sentencing hearing that there was insufficient evidence to support the two-level enhancement for possession of a firearm under § 2D1.1(b)(1) and ordered that the "2" in the PSR reflecting this enhancement be changed to a zero. *See* Sentencing Transcript at 9 ("So I'll change this to a zero on line 86."); *see also* Statement of Reasons at 1 ("Line 86 changed from +2 to 0 because of lack of proof of possession of a weapon (§ 2D1.1(b)(1)). (Does not affect total offense level.)"). As such, Quimby misconstrues the court's statements at the sentencing hearing.

Second, the portion of the PSR to which Quimby objects does not qualify as a clerical error that he is entitled to have changed at this juncture. Although Quimby references Federal Rule of Civil Procedure 60(a), he presumably intends to rely on Federal Rule of Criminal Procedure 36. *See United States* v. *Mackay*, 747 F.3d 195, 198 (5th Cir. 2014) (noting that Rule 60(a) of the Federal Rules of Civil Procedure is the civil counterpart to Rule 36 of the Federal Rules of Criminal Procedure). That rule allows a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[2] Fed. R. Crim. P. 36. A PSR is a "part of the record" subject to correction under Rule 36. *See Mackay*, 747 F.3d at 198–200; *United States* v. *Bell*, No. 04 CR 202, 2015 WL 4910493, at *3–4 (N.D. Ill. Aug. 17, 2015). Relief under Rule 36, however, is appropriate only when "the court intended one thing but by merely clerical mistake or oversight did another." *United States* v. *Buendia–Rangel*, 553 F.3d 378, 379 (5th Cir.2008) (internal quotation marks and citation omitted). In other words, Rule 36 allows for the correction of "clerical mistakes" not "substantive alterations."[3] *United States* v. *Johnson*, 571 F.3d 716, 718 (7th Cir.2009); *see also United States* v. *Wilkes*, 376 Fed. App'x. 295, 296 (4th Cir.2010) (per curiam) ("We note that Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report ('PSR').") Here, Quimby is seeking a substantive alteration to the PSR as he seeks to have the firearm weapon paragraph removed from the report. *United States* v. *Holley*, 604 F. App'x 338, 339 (5th Cir. 2015) (Mem.) ("Removing the PSR's references to the Holley drug trafficking organization would have resulted in the district court making substantive changes to the facts as stated in that

---

[2] Similarly, Rule 60(a) of the Federal Rules of Civil Procedure provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed. R. Civ. P. 60(a).

[3] Rule 60(a) is also limited to clerical errors and provides no basis for correcting substantive errors. *See Brenner* v. *C.F.T.C.*, 338 F.3d 713, 721 (7th Cir. 2003).

document."). As such, a Rule 36 motion is not the proper vehicle for challenging the contents of a PSR; any substantive objections are governed by Rule 32 of the Federal Rules of Criminal Procedure. *Mackay,* 757 F.3d at 199; *see also United States* v. *Long,* 419 F. App'x 845, 848 (10th Cir. 2011).

On that front, however, Quimby's motion is untimely. Under Rule 32, Quimby had fourteen days after receiving the PSR to challenge any facts contained therein. *See* Fed. R. Crim. P. 32(f)(1). As such, Quimby should have objected within the fourteen days after receiving the PSR or at sentencing. *See United States* v. *Williams,* 777 F.3d 909, 909 (7th Cir. 2015) ("Defendants who disagree with the contents of the PSR must object before or at sentencing; only if a timely objection is made must a district judge state on the record (if the issue affects the sentence) whether the PSR is correct. . . . [Defendant] raised the issue indirectly at sentencing but did not ask for a correction under Rule 32 and did not pursue the matter on appeal. It is far too late to revise this subject.") He did not do so. Accordingly, his request must be denied.

Lastly, as to any request for relief under Rule 60(b), the rule applies to civil cases, not criminal proceedings. *United States* v. *Guereca,* 280 F. App'x 541, 541 (7th Cir. 2008); *see also United States* v. *Gibson,* 424 F. App'x 461, 464 (6th Cir. 2011) ("Rule 60(b) does not provide relief from judgment in criminal proceedings"); *United States* v. *Diaz,* 359 F. App'x 965, 966 (11th Cir. 2010) (citing *United States* v. *Mosavi,* 138 F.3d 1365, 1366 (11th Cir. 1998) (Rule 60(b) "does not provide for relief from judgment in a criminal case.")). Thus, the court also denies Quimby's Rule 60(b) motion.

Date:   September 15, 2015

                                                                           U.S. District Judge Joan H. Lefkow